OWEN, WICKERSHAM & ERICKSON, P.C.
LAWRENCE G. TOWNSEND CBN 88184
Email: ltownsend@owe.com
LINDA JOY KATTWINKEL CBN 164283
Email: ljk@owe.com
455 Market Street, Suite 1910
San Francisco, California 94105
Telephone: 415.882.3200
Facsimile: 415.882.3232

*Attorneys for Plaintiff*
PassKey Publications Licensing Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASSKEY PUBLICATIONS LICENSING CORP., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COED GROUP, LLC, a New Jersey Corporation, KAPLI, INC., a New York Corporation; PLUS CAREER INC., a New York Corporation, and DOES 1- 10,<br><br>Defendants. | Case No. 2:17-cv-2731<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Demand for Jury Trial |

Plaintiff PassKey Publications Licensing Corp. alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for infringement of copyright pursuant to 17 U.S.C. Section 101 et seq. Subject matter jurisdiction is conferred by 17 U.S.C. Section 501, 28 U.S.C. Sections 1331 and 1338.

**2.** The actions of the Defendants complained of herein took place within this jurisdiction and Defendants may be found within this judicial district. Venue is proper under 28 U.S.C. Sections 1391 and 1400(a).

**FIRST CLAIM FOR RELIEF**

**Federal Copyright Infringement -- 17 U.S.C. §101 et seq.**

1. Plaintiff PassKey Publications Licensing Corp. is a corporation organized under the laws of the state of California, with its corporate address located at 669 3rd Avenue, San Bruno, California, 94066. Plaintiff's products are regularly sold across the United States, including within the Central District of California. Plaintiff creates and sells instructional books in the field of tax preparation, specifically, textbooks (EA Reviews) and workbooks (EA Workbooks) to prepare students to take the IRS EA (Enrolled Agent) exam (collectively, "Plaintiff's EA Materials"), as well as online courses including sample exams and instructional videos.

2. Upon information and belief, COED Group LLC ("COED") is a corporation organized under the laws of the state of New Jersey, with its principal executive office located at 21 Grand Avenue, Suite 614, Palisades Park, New Jersey 07650, and business offices in California located at 4322 Wilshire Blvd. 1F, Suite 112, Los Angeles, California 90010, and/or 1101 W. Valley Blvd. # 201, Alhambra, CA 91803, 1126 North Brookhurst Street, Suite 310, Anaheim, California 92801, and 2342 Shattuck Avenue, Suite 115, Berkeley California. COED regularly does business in California and/or COED's products are regularly sold in the state of California, including within the Central District of California.

3. Upon information and belief, Defendant Kapli, Inc. ("Kapli") is a corporation organized under the laws of the state of New York, with its principal executive office located at 16 W. 32nd Street, Suite 306, New York, NY 10001. Kapli shares its principal business office in California with COED, located at 4322 Wilshire Blvd., Suite 112, Los Angeles, CA 90010 and/or 1101 W. Valley Blvd. # 201, Alhambra, CA 91803. Kapli regularly does business in California and/or Kapli's products are regularly sold in the state of California, including within the Central District of California.

4. Upon information and belief, Defendant Plus Career Inc. ("Plus Career") is a corporation organized under the laws of the state of New York. Plus

Career shares its principal executive office with Kapli, located at 16 W. 32nd Street, Suite 306, New York, NY 10001. Plus Career regularly does business in California and/or Kapli's products are regularly sold in the state of California, including within the Central District of California.

5. On information and belief, Defendants Kapli and Plus Career are partners and/or subsidiaries of Defendant COED. As set forth above, Defendants share some office addresses in common. At least one individual serves or has served as an officer for all three defendants, and three additional individuals currently serve and/or have served as executive officers of Defendants Kapli and Plus Career, as follows:

a. Kwang Woo Nam: CEO of COED; CEO and President of Kapli; CFO of Plus Career; domain name registrant of all three Defendants' domain names, including, *inter alia*, coedgroup.com, coedgroupllc.com, kapli.net, pluscareerusa.com, and plusduck.com

b. Jihnee Song: CFO and President of Kapli; CEO, Chairman of the Board of Plus Career

c. Hangsook/Yangsook Lee: Secretary of Kapli; CFO of Plus Career

d. Soo Young Oh: Principal of Kapli; CEO of Plus Career

6. Defendants are engaged in the business of selling exam preparation training programs and materials, including for the EA Exam. Defendants Kapli and Plus Career promote themselves as collaborators for EA training programs and materials in association with Defendants' fictitious business name "Plus Duck."

7. Defendants promote their EA Exam training programs and materials primarily to Korean and Chinese speaking students in the United States through several online venues and advertising programs, including their own websites, Facebook, ChineseinLA, Youtube, and other social media and advertising sites.

8. Plaintiff does not know the true names of the individuals,

corporations, partnerships or other entities sued and identified herein as Does 1 through 10. Plaintiff alleges that said Defendants are liable to Plaintiff under the claims for relief set forth below, and requests leave of this Court to amend this Complaint when the true names of said Defendants are discovered.

9. At all times herein mentioned, each and every Defendant was acting, at least in part, as the agent, employee, and/or co-conspirator of the remaining Defendants, and in doing the things herein alleged was acting, at least in part, in the course and scope of such agency with the permission and consent and in furtherance of the alleged wrongful conduct with the remaining Defendants.

10. Plaintiff, and Plaintiff's predecessors in interest, namely, Plaintiff's current sole shareholder Christine Pinheiro-Silva, dba Pineapple Press, PassKey Publications, and PassKey Publications, Inc., have created and marketed Plaintiff's EA Materials continuously since 2008. Plaintiff is the sole owner of all rights, including copyrights, in and to the text (and some artwork and photography) comprising all Plaintiff's EA Materials created by Plaintiff and Plaintiff's predecessors in interest by assignment from the authors and copyright owners thereof ("Plaintiff's Assignors").

11. Applications to register Plaintiff's copyrights in all of Plaintiff's EA Reviews were filed on March 27, 2017. A true and correct copy of Plaintiff's copyright application No. 1-4702316448 for the 2016-2017 edition of PassKey EA Review, and excerpts from the deposit copy submitted therewith, are attached hereto as Exhibit A.

12. At all times relevant hereto, all or substantially all of Plaintiff's genuine publications comprising Plaintiff's EA Materials have been marked with copyright notices claiming copyright in the name of Plaintiff or Plaintiff's predecessors in interest.

13. Plaintiff's EA Materials constitute original works of authorship created by Plaintiff or Plaintiff's successors in interest and constitute copyrightable

subject matter under the laws of the United States. In particular, Plaintiff's hypothetical examples are wholly fictional and therefore entitled to strong copyright protection.

14. Since June 2008, Plaintiff and Plaintiff's predecessors have promoted the EA Training Materials online, including, for example, through www.passkeypublications.com, www.eaexam.com, www.facebook.com. Plaintiff's EA Training Materials are sold online through www.amazon.com, and http://www.barnesandnoble.com.

15. Over the past five years, sales of Plaintiff's EA Materials have been steadily increasing, with total units sold as follows: in 2012, 3,755 units; in 2013, 4,860 units; in 2014, 5,132 units; in 2015, 5,817 units, and in 2016, 7,851 units. The retail price for a combined set of Plaintiff's 2016-2017 edition EA Review textbook and EA Workbook is $264.94. The textbook and workbook are also sold separately, for approximately half that price each. Plaintiff's online courses, which include sample exams and taped lectures, are available for an additional $24.95 per month.

16. On July 24, 2012, Justin Kim, who identified himself as an instructor of Defendant Kapli, sent an email to Plaintiff stating "We found your 'PassKey EA Review' very useful in lecturing. I am wondering if there is any possibility for you to permit us using your books as the textbook in conducting our lectures. . . . I bought your EA Review including workbook at $126 (including shipping) from Amazon. As far as I am concerned, this price is good. However, to our students this price is out of budget. . . I would like to respectfully ask your permission to use your books in our lectures first. Then, if it is ok, I would like to ask your best price of the books to offer to us."

17. In subsequent correspondence between Mr. Kim and Plaintiff's President, Christine Pinheiro-Silva, Mr. Kim represented that the books would be used by approximately 100 students in the United States, and offered to license

Plaintiff's EA Materials for all 100 students for a total fee of $800. Ms. Pinheiro-Silva rejected that offer, stating "when you said that the students could not afford the materials, I assumed you meant students taking the course overseas. If these are American students, then please be aware that our study guides are the most affordable on the market . . . The Passkey study guide and workbook are less than $180 on Amazon, which is less than 5% of your average course fee, so I believe is very reasonable. If you wish to negotiate for our 100 units of our books to be <u>shipped in the United States</u>, then I can arrange a wholesale discount of 40% off. Licensing our material would not be appropriate for such a small number of students, especially with the possibility of copyright infringement being greatly increased, we would rather not." (emphasis in original).

18. On August 9, 2012, Mr. Kim responded to Ms. Pinheiro-Silva: "I am sorry for this time. Hopefully next time, we could make a business relationship. Thanks."

19. In or about November 2016, Ms. Pinheiro-Silva received information indicating that Defendants were selling EA study materials that were copied from Plaintiff's EA Materials. In or about December 2016, Plaintiff obtained copies of study guides that were distributed to Kapli students, specifically, 3 spiral volumes all branded with the name PLUS Career, with the title/subtitle "EA Enrolled Agent / You can be a America's Tax Expert with PLUS Career," and separately labeled "Part 1 / Individual Tax," "Part 2 / Business Tax," and "Part 3 / Practices and Responsibility." These volumes do not have dates or copyright notices, and do not have author credits or publisher information, other than phone numbers in New York and Los Angeles, and website and email addresses for Plus Career. The back of each volume displays a promotion for online lectures at www.plusduck.com.

20. Upon inspection, Ms. Pinheiro-Silva discovered that these three Plus Career EA volumes comprise extensive copies of Plaintiff's EA Review, 2016-2017 edition. The three volumes correlate to Plaintiff's "Part 1: Individuals," "Part

2: Businesses," and "Part 3: Representation." Each volume replicates many texts from Plaintiff's corresponding EA Materials *ver batim*, including numerous copies of Plaintiff's fictional hypothetical examples (except in Part 2, where the names in the hypotheticals have been changed to Star Trek references), and overall comprise only slightly paraphrased and in some cases, rearranged, copies of Plaintiff's EA Materials, with very little content that is not copied from Plaintiff's EA Materials. True and correct reproductions of representative examples of Plaintiff's original texts and Defendants' copied texts comprise Exhibit B.

21. On information and belief, the three Plus Career EA volumes referenced above (the "Infringing Materials") and are distributed to Defendant's students, including students in California and within the Central District, as part of course packages comprising printed textbooks, pdf study guides, and video online lectures, for a total price of approximately $800. PlusDuck's online lectures refer to the Infringing Materials as the course books associated with the lectures, and the Kapli logos are displayed onscreen behind the lecturers.

22. The above-described acts of reproduction, preparation of derivative works, display, distribution and sale of the Infringing Materials constitute copyright infringement, as set forth in 17 U.S.C. 101 et seq.

23. As a result of Defendants' acts of copyright infringement, Plaintiff is entitled to injunctive relief, and an accounting of Defendants' profits and/or Plaintiff's actual damages.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as set forth below:

(a) For an accounting and award of all of Defendants' profits derived from the acts of copyright infringement;

(b) For actual damages sustained by Plaintiff for copyright infringement;

(c) For an injunction restraining Defendants from future acts of copyright infringement;

(d) For an order requiring Defendants, their agents, employees, and licensees, and all those acting under its direction and pursuant to its control, to deliver up for destruction all infringing products, and other matter employed in the creation, distribution and sale of infringing products;

(e) For costs of suit herein incurred; and

(f) For such other and further relief as the court deems just and proper.

Respectfully submitted,

OWEN, WICKERSHAM & ERICKSON, P.C.

Dated: April 10, 2017

By______________________________

Linda Joy Kattwinkel
Lawrence G. Townsend

*Attorneys For Plaintiff*
PassKey Publications Licensing Corp.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

OWEN, WICKERSHAM & ERICKSON, P.C.

Dated: April 10, 2017

By ______________________________

Linda Joy Kattwinkel
Lawrence G. Townsend

*Attorneys For Plaintiff*
PassKey Publications Licensing Corp.